## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. NEEF.

(Court of Civil Appeals of Texas. Dallas. June 24, 1911.)

1. EVIDENCE (§ 513*)—OPINION EVIDENCE—EXPERT TESTIMONY.

Whether or not a loose stirrup on a box car would be dangerous to climb upon when the car was in motion is a proper subject of expert testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2317, 2318; Dec. Dig. § 513.*]

2. MASTER AND SERVANT (§ 105*)—INJURIES TO SERVANT—DANGEROUS APPLIANCES.

In an action against a railroad company for injuries caused by a defective stirrup on a box car, it is no defense that most of the railroad's cars had defective stirrups, and the exclusion of evidence to that effect was proper.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 185–191; Dec. Dig. § 105.*]

3. MASTER AND SERVANT (§ 291*)—INJURIES TO SERVANT—INSTRUCTIONS.

In an action against a railroad company for personal injuries to a brakeman, a charge that if the jury should find plaintiff's foot slipped off the stirrup of the car as he was mounting it, and even if the stirrup was a little loose, and even if it was negligence for the defendant to permit the stirrup to be loose, they should

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

not find for plaintiff, unless the preponderance of the evidence showed that his foot was caused to slip on account of the looseness, was correct.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 291.*]

4. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT — CARE REQUIRED OF MASTER.

A brakeman injured by slipping from a loose stirrup on a box car cannot hold the railroad company liable unless the company in permitting the stirrup to be in that condition did not use ordinary care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 135; Dec. Dig. §§ 101, 102.*]

5. TRIAL (§ 268*)—INSTRUCTIONS—REFUSAL.

It is error to refuse requested charges containing correct propositions of law not affirmatively given in the court's charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 673; Dec. Dig. § 268.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by A. W. Neef against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

E. B. Perkins and Templeton, Craddock, Crosby & Dinsmore, for appellant. Sherrill, Mulkey & Hamilton, for appellee.

BOOKHOUT, J. A freight brakeman of the St. Louis Southwestern Railway Company of Texas, A. W. Neef by name, was injured in service at Mt. Pleasant, September 29, 1909. He sued, alleging that a loose stirrup on a box car was the cause of the accident, and predicating negligence on the failure of the defendant to have the stirrup firmly fastened. The defenses interposed were the general issue, contributory negligence, and assumed risk. A jury awarded him $12,000. Defendant's motion for new trial having been overruled, it perfected an appeal.

A description of the yard in which the accident occurred will aid to an understanding of the case. Defendant's main line track at Mt. Pleasant runs north and south and a public street or road running east or west crosses the track at right angles. The depot building and other stational structures are located immediately west of the track and north of the street or road. The express office is next to the street or road, then a small "park," then the depot building, then the dispatcher's office. The scale track leaves the main line somewhere near the dispatcher's office, and extends north along the west side of the main line. There are five switch tracks lying east of the main line opposite the station. The track by which these tracks are reached from the main line is called the "lead," and leaves the main line a short distance—one or two car lengths—south of the street or road. It extends north and lies east of the main line. The switch tracks are numbered consecutively 1 to 5, beginning with the track nearest the

main line. The accident occurred a few minutes before midnight. South-bound passenger train No. 1 for Tyler and Waco was nearly due, and would come in on the main line. West-bound passenger train No. 101 for Dallas and Ft. Worth was due to leave immediately after No. 1. It was to be backed in on track No. 1, just before the arrival of train No. 1, but at the time of the accident was on the Ft. Worth branch line south of the street or road. A freight train was being made up on the scale track. The bulk of the train had been placed on that track; the caboose being at the north end. It was desired to get six merchandise cars off track No. 2 and place them on the scale track in front of the cut of cars already on that track, which when done would complete the making up of that train. The engine, which was headed south, was cut loose and pulled out of the scale track onto the main line. It was run south below the lead switch, and then backed up the lead onto track No. 2 and coupled to the cars wanted. It was then pulled down the lead onto the main line, and then backed north past the lead switch, and over the street or road crossing, and onto the scale track in the desired position. Neef was injured just north of the crossing as the engine was backing up. He had accompanied the engine to track No. 2, and was following it back. When the engine pulled the merchandise cars onto the main line, he threw the lead switch and gave a signal for the engine to back up. He then walked back just north of the crossing, and threw the derailer and lined up switch No. 2. When he got the derailer thrown and switch No. 2 lined up, the north end of the cut that was backing up was a little past him. He then ran to the northeast corner of the north car, caught hold of the handholds of the ladder with both hands, placed his left foot in the stirrup under the car and started to pull up, and, when he did so, his foot slipped out of the stirrup and went under the wheel. He says he felt the stirrup give when he started to pull up.

[1] It is contended in the first assignment that the court erred in permitting plaintiff, while testifying as a witness in his own behalf, to testify that it is dangerous for a stirrup of the kind in question to be loose so that it will move, etc. The objection to this testimony was that it is immaterial and irrelevant, called for an opinion and conclusion of the witness upon a question of fact, which was for the jury to determine, and is not a matter that may be proven by expert testimony. These objections were overruled and the evidence admitted. In this there was no error. As to whether a loose stirrup used for mounting and climbing onto box cars would be dangerous or safe to climb upon while the cars are in motion is a prop-

---

er question for expert testimony, and, appellee having qualified as an expert in the use thereof, there was no error in permitting him to give his opinion as such expert that a loose stirrup was dangerous. Railway Co. v. Thompson, 75 Tex. 503, 12 S. W. 742; McCray v. Railway Co., 89 Tex. 173, 34 S. W. 95; Railway Co. v. Johnson, 78 Tex. 541, 15 S. W. 104; Railway Co. v. Matthews, 28 Tex. Civ. App. 92, 66 S. W. 589; Railway Co. v. Hughes, 22 Tex. Civ. App. 134, 54 S. W. 264; Railway Co. v. Waller, 27 Tex. Civ. App. 44, 65 S. W. 210; Railway Co. v. Boyd, 119 S. W. 1156; Railway Co. v. Beauchamp, 116 S. W. 1167, 1168.

[2] During the trial defendant on cross-examination of plaintiff asked him if it is not a fact that in the course of his four years' experience he had used a great number of stirrups that were loose? This question was objected to on the ground that the matter of inquiry here is whether or not this stirrup was loose; and the fact that defendant permitted other stirrups to become and remain loose has nothing to do with this case. The court sustained the exception, and declined to admit the answer. The court did not err in this ruling. Railway Co. v. Evansich, 61 Tex. 3; Railway Co. v. Rowland, 82 Tex. 166, 18 S. W. 96; Railway v. Johnson, 92 Tex. 380, 48 S. W. 568; Morgan v. Railway, 50 Tex. Civ. App. 420, 110 S. W. 978; Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 173; Fuchs v. St. Louis, 133 Mo. 168, 31 S. W. 115, 34 S. W. 508, 34 L. R. A. 118.

In our opinion the correct rule is laid down in the case of Morgan v. Railway Co., 50 Tex. Civ. App. 420, 110 S. W. 978, decided by the Court of Civil Appeals at Galveston. Judge McMeans, in that case, speaking for the court, said: "Appellants contend that as the compress in question was constructed as every other compress in Texas, and its cotton handled just as every other compress in Texas handled cotton, the La Grange & Lockhart Compress Company could not have been guilty of negligence, because, if it did as every other compress company did, its action would constitute ordinary prudence. The assignment is without merit. The habitual practice of any number of compresses for any period of time cannot make a negligent act an act of due care or diligence. The test is, Did the compress company exercise ordinary care?" In the case of Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 173, the Court of Appeals for the Fourth district, speaking through Judge Fly, said: "Negligence for a long period of time, which does not result in injury to others, will not excuse or palliate the matter when an injury at last occurs through such negligence. The evidence indicated that an explosion under like circumstances might have occurred at any time, and, because for some inexplicable reason, it did not occur, does

not transform such negligence into the exercise of ordinary care." In the case of Fuchs v. City of St. Louis, 133 Mo. 168, 31 S. W. 115, the Supreme Court of Missouri said: "It is not always consistent with common prudence to await a catastrophe before taking precautions against, nor is it conclusive of careful management that a particular disaster has never before occurred."

Again, it is assigned that the court erred in refusing to permit defendant to prove by plaintiff's witness, J. E. Scruggs, that he had seen a number of stirrups a little loose in his experience, and that it was a fact that it is common to see those stirrups loose, a little loose when they are in use, and also in refusing to permit defendant to prove by its witness, J. M. Doran, that in the course of his experience as brakeman it has been a common thing for him to find stirrups a little loose like the one in question, and where the cars such stirrups were on were in common use. These assignments are overruled for the same reason that we held that the second assignment is without merit.

[3] It is assigned that the court erred in refusing defendant's special charge No. 6, which reads as follows: "Even if you should find that plaintiff's foot slipped off the stirrup of the car as he was attempting to mount the same, and even if you should find also that the stirrup was a little loose, and even if you should also find that it was negligence on the part of the defendant to permit the stirrup to be a little loose, still you cannot find for the plaintiff unless you further find from a preponderance of the evidence that his foot was caused to slip off the stirrup on account of the same being a little loose." The majority of the court are of the opinion that this charge announces a correct proposition of law, is called for by the evidence, and should have been given. The writer does not concur in this conclusion, but is of the opinion the same is argumentative and on the weight of evidence. Lumsden v. Railway Co., 28 Tex. Civ. App. 225, 67 S. W. 168; Railway Co. v. Harriett, 80 Tex. 79, 15 S. W. 556; Railway Co. v. Haney, 94 S. W. 386; Railway Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834.

A charge in many respects similar to appellant's requested charge No. 6 was held argumentative, and as unduly emphasizing an important issue in the case first above cited.

[4, 5] Defendant requested its special charge No. 4 reading as follows: "Even if you should find that the stirrup of the car was a little loose and had a play at the bottom of something like half an inch to an inch, still you would not be authorized to find in favor of plaintiff unless you further find that in permitting the stirrup to be in that condition the defendant company did not exercise that degree of care that a person of ordinary prudence would have exercised in

that matter under all the circumstances shown by the evidence." This charge announced a correct proposition of law, was not affirmatively given in the court's charge, and it falls within the rule announced in the case of Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, and the failure to give the same was error.

For the errors pointed out, the judgment is reversed, and the cause remanded.