W. A. MORGAN & BROTHERS ET AL. v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

No. 2463.  Decided March 28, 1917.

**1.—Negligence—Discovered Peril.**

The doctrine of discovered peril defeats the defense of contributory negligence on the part of the plaintiff only when the danger arising therefrom is imminent, is actually discovered by defendant, and may be arrested by means at the latter's command.  It is analogous in principle to an intentional wrong, which creates liability though the injured person was negligent, and applies where the infliction of the injury without effort to prevent it has either all the character of an intentional wrong or of such recklessness as to amount to the same thing.  (P. 334.)

**2.—Same—Injury of Property.**

The doctrine of discovered peril applies to cases of injury to property as well as to those of injuries to the person.  (P. 334.)

**3.—Same—Railway Fire—Exposed Cotton.**

Liability by reason of discovered peril where plaintiff himself was negligent does not apply to the case of cotton burned by sparks from a passing engine, where the property was negligently left exposed by the owner, without covering or protection, in proximity to the track on which switching of cars by engines was customary, though its situation was known to those operating the engine setting out the fire. The defendant was under no duty to take greater care for its safety than was the owner. Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 117, followed. (Pp. 334-336.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Fayette County.

Morgan & Bros. sued the railway company for loss of cotton by fire and recovered judgment. This, on defendant's appeal, was reversed and rendered in its favor, whereupon Morgan & Bros. obtained writ of error.

*Brown & Lane, J. B. Robertson, N. A. Rector, Wm. Thompson, George S. Wright, Thompson, Knight, Baker & Harris,* and *C. D. Krause,* for plaintiffs in error.—Where the evidence shows that cotton is located upon a compress platform near to the right of way of a railway company, that such cotton is in a position of safety if the railroad's locomotives are handled with ordinary care, but in a position of imminent danger if such locomotives are carelessly handled, that the employees in charge of the engines knew of such condition and recklessly and carelessly handled such engines so as to cause the fire which destroyed the cotton, the issue of discovered peril is a proper one. Furst, Edwards & Co. v. Railway Co., 146 S. W., 1031; Morgan & Bros. v. Railway Co., 50 Texas Civ. App., 420, 110 S. W., 986; Edwards v. Campbell, 12 Texas Civ. App., 236, 33 S. W., 761; Houston & T. C. Ry. Co. v. Rippetoe, 64 S. W., 1017.

Discovered peril applies to animals. Missouri, K. & T. Ry. Co. v. Talbert, 100 Texas, 483; Texas & P. Ry. Co. v. Corn, 102 Texas, 194 (stock); Galveston, H. & S. A. Ry. Co. v. Balkam, 20 S. W., 860 (stock); Austin & N. W. Ry. Co. v. Saunders, 26 S. W., 128 (stock); St. Louis Ry. Co. v. Droddy, 114 S. W., 902 (stock); San Antonio & A. P. Ry. Co. v. Harris, 79 S. W., 841 (horse); St. Louis & A. T. Ry. Co. v. Hanks, 78 Texas, 300 (dog); Gulf, C. & S. F. Ry. Co. v. Lankford, 9 Texas Civ. App., 593, 29 S. W., 933 (man and team); Houston & T. C. Ry. Co. v. Rippetoe (Civ. App.), 64 S. W., 1017 (wagon and team); Galveston, H. & S. A. Ry. Co. v. Templeton, 175 S. W., 504 (wagon and team); 33 Cyc., p. 1224.

Applies to inaminate property. Edwards v. Campbell, 12 Texas Civ. App., 236, 33 S. W., 763 (cotton); Morgan & Bros. v. Missouri, K. & T. Ry. Co., 110 S. W., 978 (cotton); Furst-Edwards & Co. v. St. Louis S. W. Ry. Co., 146 S. W., 1024; Southern Pac. Ry. Co. v. Walker, 171 S. W., 264 (automobile); Chesapeake & N. Ry. v. Crews (Tenn.), 99 S. W., 368 (threshing machine); Nicol v. Oregan & W. R. & Nav. Co. (Wash.), 128 Pac., 628 (automobile); St. Louis & S. F. R. Co. v. Model Laundry (Okla.), 141 Pac., 970 (automobile); Great Western

Ry. Co. v. Drorbaugh (Colo.), 134 Pac., 168 (wagon); Hoffman v. Union Ferry Co., 47 N. Y., 176, 68 N. Y., 389; McMahon v. Brooklyn & N. Y. Ferry Co., 41 N. Y. Sup., 1026; Silliman v. Lewis, 49 N. Y., 383; Wright v. Brown (Ind.), 58 Am. Dec., 622 (ship); Tuff v. Warman, 5 Com. Bench (N. S.), 573; Radley v. London & Northwestern Ry. (Eng.), 1 App. Cases, 754 (bridge); H. M. S. S. Co. v. Pareil (Eng., 1900), Prob. 267; Keyzer, Irvine & Co. v. Carros Co. (1884), 9 App. Cases, 873; Shearman & Redfield on Negligence, 6th ed., vol. 1, sec. 100; Beach on Contributory Negligence, 3d ed., sec. 54, p. 89; Thompson on Negligence, vol. 1, sec. 238; Jaggard on Torts, vol. 2, p. 975 (w); Peck's Doctrine of Proximate Cause, p. 168.

*Alex. S. Coke, A. H. McKnight, Lane, Wolters & Storey, Chas. C. Huff, Wm. A. Vinson,* and *Paul Kayser,* for defendant in error.—The charges complained of are erroneous, in that the practical effect thereof is to eliminate from the case entirely the question of plaintiffs' contributory negligence, and to make the defendant liable, if it discovered the dangerous situation of the cotton, however negligent the plaintiffs may have been in placing it in such situation, or leaving it there unprotected, and without regard to the length of time it was placed and left in such exposed condition. Martin v. Texas & P. Ry. Co., 87 Texas, 117, 26 S. W., 1052; Paris, etc., Ry. Co. v. Nesbitt, 11 Texas Civ. App., 608, 33 S. W., 280; Bennett v. Missouri, K. & T. Ry. Co., 11 Texas Civ. App., 423, 32 S. W., 834; St. Louis S. W. Ry. Co. v. Avey, 107 Texas, 366, 179 S. W., 860; Railway Co. v. Levi, 59 Texas, 674.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was one for damages for the destruction of certain cotton belonging to the plaintiffs in error, Morgan & Bros., by fire charged to have been caused by sparks from an engine operated by the defendant in error.

This is the second appeal of the case. The first trial resulted favorably for the defendant. On the appeal, the Court of Civil Appeals for the First District, while disapproving the form of the special charge of the plaintiffs which requested its submission, held that the issue of discovered peril was presented. 110 S. W., 978. On the second trial, it was charged upon in evident obedience to this holding, being presented in three distinct parts of the general charge and once in a special charge requested by the plaintiffs. The defendant having been cast at that trial, on its appeal it was held by the Court of Civil Appeals for the Fourth District, following Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 117, 26 S. W., 1052, that the issue should not have been submitted. 146 S. W., 337.

We granted the plaintiffs' petition for writ of error for the purpose of settling the conflict of decision.

It is unnecessary to enter upon an extended examination of the abstract question of whether the doctrine of discovered peril applies to

the injury or destruction of inanimate property, to which an elaborate and able written argument by counsel for the plaintiffs in error is largely devoted. With us, the doctrine defeats contributory negligence on the part of the plaintiff only when the danger arising therefrom is imminent, is actually discovered by the defendant, and may be averted by the means at the latter's command. Texas & P. Ry. Co. v. Breadow, 90 Texas, 26, 36 S. W., 410. When this is recalled, the rule of public policy which declines, under such circumstances, to legalize the destruction of human life, likewise makes culpable the similar destruction of property.

Contributory negligence is never a defense to an intentional wrong. When one knows that his act will inflict an injury because of a discovered and immediate danger produced by another's negligence, which it is fully within his power to avert, his infliction of the injury, without effort to prevent it, has either all the character of an intentional wrong, or else is one of such recklessness as to amount to the same thing. In applying the principle which holds such a wrongdoer to account, there is no sound reason for making a distinction between injury to persons and injury to things. While the wrong differs in degree, an intentional destruction of property is in law no more to be countenanced than is an intentional destruction of life. It is in the nature of the wrong, not its extent, that the rule is grounded, as is true of every just principle of the law which grants redress for wrongful action as a means of enforcing consideration for the rights of others.

The leading case upon the subject, the source of the doctrine, concerned, not the loss of human life, but an injury to a donkey. Davies v. Mann, 10 M. & W., 545. It was recognized in McDonald v. International & G. N. Ry. Co., 86 Texas, 1, 22 S. W., 939, 40 Am. St., 803, as a correct decision. This court has never declared that the rule is limited simply to injuries to persons. It has, on the contrary, in proper cases applied it in no uncertain manner to injuries to property. St. Louis, Ark. & Tex. Ry. Co. v. Hauks, 78 Texas, 300; Missouri, K. & T. Ry. Co. of Tex. v. Tolbert, 100 Texas, 483.

While this is true, it has been distinctly ruled by this court that the doctrine has no application to a case like the present one,—not because the injury was to property, but because the facts do not bring it within the class to which the doctrine properly relates. Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 117, 26 S. W., 1052. There cotton, uncovered and exposed to engine sparks, was stored on a compress platform in proximity to the track of the railway company, in full view of the engineer operating the engine. It was ignited by sparks from the engine, due to its having a defective spark arrester and its reckless operation. The trial court charged the jury, in substance, that if those in charge of the cotton for the plaintiffs thus stored the cotton, and their leaving it so uncovered amounted to negligence, and was a proximate cause of its destruction, the plaintiffs could not recover, "no matter how negligent the defendant may have been." The

verdict was for the defendant. The judgment was reversed by the Court of Civil Appeals for the Fifth District for the reason, as is disclosed by the unpublished opinion of Justice Finley, that this charge ignored the doctrine of discovered peril. The case came before this court on certified questions. The following, among others, was a question submitted by the Court of Civil Appeals, obviously because of ·its view of the charge as related to this subject:

"If the railway company knew of the situation of the cotton, and by the exercise of ordinary care could have avoided setting fire to it and destroying it, would the fact that it was negligence on the part of the compress company to place the cotton in that position, uncovered, permit a recovery against the railway company?"

The question was answered by Chief Justice Stayton in this forcible manner:

"To hold that the knowledge of the railway company of the situation of the cotton would fix liability on it, if its employees failed to use ordinary care for its protection, although the compress company, the representative of plaintiffs, knew the same fact, and also failed to use ordinary care in view of the surroundings, would be, in effect, to hold that the railway company was under obligations to use greater care for protection of the cotton against fire than were its owners.

"Such is not the law. The compress company probably thought the cotton safe at such a distance from the railway, even though uncovered; and if the railway company knew that such was its condition, *might it not rely upon the judgment of those to whose care plaintiffs had entrusted it?* If the railway company should have apprehended danger, and, therefore, have used greater care, what was the duty of the plaintiffs under the circumstances?"

In immediate connection, this was said:

"There is, however, a class of cases in which, although one person has been negligent, it becomes the duty of another to avoid inflicting injury upon him after discovering his danger, if this can be done by the exercise of such care as is then practicable, and failure in such cases will fix liability. *This class of cases embraces those ·in which exposure to danger is known and imminent.*

"Such cases have been often considered by this court. Railway v. Symkins, 54 Texas, 615; Railway v. Richards, 59 Texas, 377; Railway v. Evans, 71 Texas, 369; Railway v. Weisen, 65 Texas, 477; Artusy v. Railway, 73 Texas, 195; McDonald v. Railway, 22 S. W., 944.

"The facts on which the questions certified are predicated do not, however, bring this case within that class of cases, and the ordinary rule in reference to the effect of contributory negligence must be applied."

The engineer knew in that case of the possibility of sparks from the engine setting fire to the cotton. But it is also clear that he could not know and did not know that such would be the result. It was, therefore, held that the defendant could rely upon the care taken for the cotton's safety by those in charge of it. It was· a possible danger, of

which the agents of the plaintiffs were equally aware; but it was not a danger known to be immediate. It was a passive danger, not an imminent one. It was for this reason, plainly, that it was emphasized by the court that the class of cases to which the doctrine of discovered peril relates are those in which exposure to danger is "known and imminent," and held that the case before it was not within that class.

This view is forcibly stated by Chief Justice Key in his dissenting opinion in Furst-Edwards & Co. v. Railway Co., 146 S. W., 1031, as follows:

"But, if the doctrine of discovered peril should be extended so as to include inanimate property, I do not believe the facts of this case disclose such known and imminent peril as would render that doctrine applicable. In most of the cases in which that doctrine has been announced, the injured party was upon the railroad track, and was injured by being struck by a passing engine. When a person is so situated, and it becomes apparent or reasonably probable to those who are operating the engine that he will not get off the track, then the danger becomes known and imminent, because it is absolutely certain that, if he remains on the track and the engine strikes him, he will be seriously injured. But there is no such certainty that an engine running past a nearby platform upon which baled cotton is stored will set fire to the cotton, although sparks may escape from the engine; that result may or may not happen."

The facts of the present case are in no essential respect dissimilar from those of the Martin case. Here, the cotton was stored upon a compress platform within six feet of a track of the railway company. It was uncompressed and uncovered. It was known by the plaintiffs' agent in charge of the cotton that the engines of the railway company customarily did switching in the yards in proximity to the platform; that they used coal for fuel; and that there was danger to the cotton if sparks escaped from them. The engineer operating the particular engine charged with having emitted the sparks which it is claimed set the cotton afire knew of the same danger, but he could not have known it any better than did the agent in charge of the cotton. The danger to the cotton was the same as that to which any inflammable property is subject when voluntarily situated by its owner so as to be necessarily exposed to sparks from a passing engine. It was a possible danger, but not a danger of that immediate and impending character which in part supplies the reason for the rule of discovered peril. The case is, in our opinion, plainly controlled by the decision in Martin v. Railway Co., supra.

The other errors in the general charge pointed out in the opinion of the Court of Civil Appeals may not occur upon another trial. It is not necessary to discuss those questions.

The Court of Civil Appeals properly reversed the judgment of the trial court. Its action in reversing the judgment and remanding the cause is affirmed.

*Affirmed.*