**FT. WORTH & D. C. RY. CO. et al. v. THOMPSON. (No. 1667.)**

(Court of Civil Appeals of Texas. Amarillo. May 19, 1920.)

1. **Railroads ⟨⟩484(6) — Contributory negligence in stacking fodder near track held question for jury.**

Evidence that plaintiff stacked kaffir corn about 125 feet from a railroad track, that it was of a dry and inflammable character, and not protected from sparks, requires the submission of the issue of contributory negligence in an action for the burning of the corn.

2. **Railroads ⟨⟩459(2)—Practice of stacking fodder near track does not lessen contributory negligence.**

The fact that plaintiff had for several years previously stacked inflammable fodder on his own premises so near a railroad track as to show contributory negligence gives no prescriptive right as against the railroad company to stack it there, since the railroad company could not object, nor does it lessen plaintiff's negligence in similarly stacking the fodder which burned.

3. **Railroads ⟨⟩466 — Doctrine of discovered peril held inapplicable to fire.**

Knowledge by a railroad company that fodder is stacked near its tracks without protection from sparks does not render it liable under the doctrine of discovered peril for failure to use care to prevent the escape of sparks.

4. **Railroads ⟨⟩481(2)—Evidence that fodder had been stacked in same place previously is incompetent.**

In an action for burning fodder where the railroad pleaded contributory negligence in stacking the fodder near the track without protection, the admission of evidence that plaintiff had similarly stacked fodder on the same premises for years before time of the fire was inadmissible.

5. **Trial ⟨⟩350(2) — Issue as to evidentiary facts need not be submitted.**

Special issues requested which called for answer as to evidentiary facts were properly refused.

6. **Trial ⟨⟩351(5) — Issues already covered need not be submitted.**

Special issues requested which were sufficiently covered by a special issue already submitted need not be given.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Trial ⬡⟶214—Refusal to give correct request on care to prevent fire is erroneous.**

Where the judge did not define the rights and duties of the railroad company in the operation of its engine in respect· to preventing the escape of fire, the refusal of a correct requested instruction covering that issue would be error.

**8. Appeal and error ⬡⟶216(4)—A correct request calls for correct charge on issue not covered, but not for more specific charge.**

A requested instruction, though defective, is sufficient to require the submission of a correct charge on an issue made by the pleadings and evidence which has not been submitted at all; but, if the issue has been submitted generally, the party wishing a more specific charge must submit a correct instruction in order to be entitled to complain on appeal.

**9. Trial ⬡⟶260(7) — Court should correctly charge railroad's duty to prevent fire in addition to general negligence.**

Since certain facts establish prima facie negligence by a railroad in causing a fire, the court should submit the defense of ·proper equipment and operation of the engine setting out the fire, notwithstanding it had already submitted generally the issues of negligence and contributory negligence.

Appeal from Donley County Court; W. T. Link, Judge.

Action by J. A. Thompson against the Ft. Worth & Denver City Railway Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.·

Thompson, Barwise, Wharton & Hiner, of Ft. Worth, E. A. Simpson, of Amarillo, and R. H. Beville, of Clarendon, for appellants.

A. T. Cole, of Clarendon, for appellee.

BOYCE, J. Appellee brought suit against the Ft. Worth & Denver City Railway Company and Walker D. Hines, Director General of Railroads, to recover damages for the burning of 73 tons of kaffir corn, pummies, cornshucks, etc., alleged to have been set on fire by sparks thrown from an engine operated on the line of road of the defendant railway company, while said property was under the control and operation of said Walker D. Hines, under authority of the Congress of the United States and proclamation of the President. It is alleged that said kaffir corn was stacked on property owned or controlled by the plaintiff, about 200 feet from the right of way of the railway company, and that the defendants, through the negligent · operation of an engine near said stacks of feed, permitted sparks to be ejected from said engine, starting a fire which ccnsumed said feed. The defendants answered, denying that they set out said fire, and specially answered that the engine in question was equipped with the best approved spark arresters and devices for preventing the escape of fire, and that such ap- pliances were in proper condition, and the engine was being properly handled at the time. The defendants further pleaded that the plaintiff was guilty of contributory negligence in placing said kaffir corn and other feed which was of a dry and inflammable character, in such ·close proximity to the tracks of the railway company without covering same or otherwise protecting it from the danger of ignition from sparks from passing engines. A trial resulted in a joint judgment for the plaintiff against the railway . company and the said Walker D. Hines, Director General. ·

[1-4] The first assignment is to the action of the court in permitting the plaintiff to show that the premises on which this feed was stacked at the time had been used for such purposes for a period of four years before the time of the fire. We are not informed on what 'theory this testimony was admitted. The evidence showed that the stacks in question were about 125 feet from the nearest track of the railway company; that such feed was of a dry, inflammable character, and was not protected in any way from sparks that might be thrown out by passing engines. Such facts were shown as would require the submission of an issue of contributory negligence under the law as now settled by the decision of the Supreme Court, in the case of Railway Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065. The feed stacks were not on the property of the railway company, and it · could have taken no action to prevent such use of :the premises. The plaintiff had the right during all such time to use said premises for such purpose and could acquire no rights against the railway company on any theory of consent or acquiescence by it in such use. If the plaintiff were guilty of negligence in the first place, in placing property of this character in such proximity to the tracks of the railway company, the long continuance of such negligence did not change the character of the act. Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 173; Thompson on Law of Negligence, § 7882. Nor could the knowledge of the fact on the part of the railway company that the stacks were in close proximity to its tracks, and in danger of being set on fire, impose on it an added liability on application of the doctrine of discovered peril, for it has been expressly held that the law of discovered peril has no application in such case. Morgan Bros. v. M., K. & T. Ry. Co., 108 Tex. 331, 193 S. W. 134. We think the testimony .was inadmissible and calculated to have a harmful effect in the consideration of the case by the jury.

[5] There was no error in refusing to give the first and second special issues requested by the defendant. These call for answers as to evidentiary facts.

---

[6] The issues requested and referred to in the fourth and fifth assignments were sufficiently covered by the third special issue submitted.

[7, 8] The defendants introduced evidence to the effect that the engine which it was claimed set out the fire was equipped with the most approved appliances for preventing the escape of fire; that these were in good order; and that the engine was being properly handled at the time—and thus established, if the jury should have believed the evidence offered, a complete defense to the cause of action. The defendants requested the submission of an issue and charge in connection therewith, which was sufficient to call the court's attention to their desire to have this defense submitted, but which was incorrect in some particulars, which we need not name. The sixth assignment is to the refusal of the court to submit this issue and charge in connection therewith. The court in his charge gave the ordinary definition of negligence and submitted an issue as to whether the defendant, by the operation of its locomotive, set fire to plaintiff's feed, and as to whether such action on the part of the defendant railway company was "negligence" as that term had been defined. There was nothing in the charge defining the rights and duties of the railway company in the operation of its engine in respect to preventing the escape of fire therefrom. We do not doubt that, if the instruction and issue requested in connection therewith had been correct, then this assignment would present reversible error, for unquestionably the defendants had the right to have this defense presented to the jury. It is the rule, as we understand it, that, if an issue made by the pleadings and evidence has not been submitted at all, a requested instruction, though defective, is sufficient to call the court's attention to the matter and require the submission of a correct charge on the issue. But if the issue has been submitted generally, the party wishing a more specific charge must submit a correct instruction in order to be entitled to complain on appeal.

[9] Of course, it may be said that in this case the ultimate issue of liability, aside from the special defense of contributory negligence, was one of negligence on the part of the railway company, and that the submission of the issue of negligence generally covered this defense of the proper equipment and operation of the engine, setting out the fire. However, the law of these cases is different from that of the ordinary case of negligence, in that the court in charging the law may tell the jury that certain facts make a prima facie case of negligence and that certain other facts rebut this case so made, so that the real issues to be determined by a jury in such cases are as to whether the fire was set by the railway company and whether the railway company had met the requirements of the law as to the equipment and handling of its engines. By the submission of a general issue of negligence without any instructions in connection therewith, as to the law applicable to this character of case, the jury was without any practical information to guide them in their decision of the facts. While only ultimate issues are to be submitted, the court ought to so frame them, or the charges given in connection therewith, as to apply to the concrete facts of the particular case. In view of our reversal of the case on other grounds, we need not decide whether we would be required to reverse the case on this assignment, but have indicated our views as to the matter for guidance of the court upon another trial.

It is contended by appellant that the court erred in entering judgment against the railway company. It has been held in a number of cases that no judgment can be rendered against a railway company for damages inflicted in the operation of the railway property by the Director General. Baker v. Bell, 219 S. W. 245; G., H. & S. A. Ry. Co. v. Wurzback, 219 S. W. 252; Western Union Telegraph Co. v. K. L. Wallace, 224 S. W. —, not yet reported; Mardis v. Hines, Director General (D. C.) 258 Fed. 945; Haubert v. B. & O. Ry. Co. (D. C.) 259 Fed. 361; Hatcher & Snyder v. A., T. & S. F. Ry. Co. (D. C.) 258 Fed. 952; Shumacker v. Pennsylvania Railway Co., 106 Misc. Rep. 564, 175 N. Y. Supp. 84. We have not ourselves undertaken an exhaustive consideration of the question, but would be disposed to follow the decisions of the other Courts of Civil Appeals and general trend of the decisions of other courts.

The judgment will be reversed, and the cause remanded.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes