### GULF, C. & S. F. RY. CO. v. BREDTHAUER.
#### (No. 8931.)

Court of Civil Appeals of Texas. Galveston. March 31, 1927.

1. Trial ⚖=351(2)—Requested issue as to injured cattle's weakness when tendered for shipment held erroneous, but sufficient to require proper submission of issue of shipper's contributory negligence.

In action for injuries to cattle shipped over defendant's railroad requested issue whether cattle were so weak, when tendered for shipment, that person of ordinary prudence would not have undertaken to ship them under circumstances, *held* erroneous, in not requiring findings of how many were in such condition, and that shipper's negligence was proximate cause of injury, but sufficient to call court's attention to omission of charge on material issue raised by pleadings and evidence, so as to require proper submission thereof.

2. Trial ⚖=351(5)—Question in charge whether injury to cattle was sole proximate result of their weakness when tendered for shipment held not to submit issue of shipper's contributory negligence.

In action against railway company for injury to cattle shipped over its line, question in court's charge as to whether damage was sole, direct, and proximate result of cattle being too weak to stand transportation with ordinary care *held* not to submit issue of shipper's contributory negligence.

3. Trial ⚖=350(6)—Submission of issue whether injury to cattle was solely due to railroad's negligence or their weakness when tendered for shipment held reversible error.

In action for injury to cattle shipped over defendant's railroad, submission of issues requiring finding that injury was solely due either to cattle's weak condition when tendered for shipment or to defendant's negligence *held* reversible error, in view of evidence that jar to train injured some and that others' injuries were contributed to by plaintiff's negligence.

Appeal from Washington County Court; J. H. Chappel, Judge.

Action by Henry Bredthauer against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Searcy & Hodde, of Brenham, for appellant.

W. J. Embrey, of Brenham, for appellee.

PLEASANTS, C. J. This suit was brought by appellee to recover damages for injury to a carload of cattle shipped by him over the line of defendant railway from Morgan, in Bosque county, to Burton, in Washington county, alleged to have been caused by the negligent handling of the shipment by defendant and its employees.

The defendants answered by general denial, and specially pleaded that the cattle, when loaded on the cars by plaintiff at Morgan for shipment, were so poor and weak that they did not have the strength to stand the trip, and that plaintiff was negligent in loading the cattle and having them shipped in their poor and weak condition, and that the injury to the cattle was the result of their condition, and was not caused by any negligence of defendant or its employees; that plaintiff was also negligent in overloading the car, and in not placing a partition therein, so as to separate the calves and young stock from the grown cattle, and such acts of negligence contributed to the injury of the cattle. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $295.70.

The evidence shows that some of the cattle were poor and weak when loaded by plaintiff at Morgan, and that there were several young calves in the shipment. There is no evidence of any rough handling of the car of cattle until after the train passed Temple on its way from Morgan to Burton, all of the operatives of the train testifying that there was no rough handling of the train, and no accident of any kind to the train until after it passed Temple. When the train reached Temple two calves were dead in the car and several cattle were down. Between Temple and Burton the rear portion of the train, including the car in which the cattle were being shipped, became uncoupled from the engine by the breaking of the drawhead connecting the first car with the engine. This accident brought the uncoupled cars to a sudden stop, and the jar thus caused was reasonably calculated to injure the carload of cattle.

[1] The cause was submitted to the jury

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon special issues. The defendant requested the submission of the following issue:

"Were the cattle, or any of them, at the time they were tendered the defendant at Morgan for shipment to Burton, so weak that a person of ordinary prudence, situated as the plaintiff was at the time, would not, under the same circumstances, have undertaken to ship them while in that condition."

This issue of contributory negligence of plaintiff was raised by the pleading and evidence, and should have been submitted to the jury. The issue was not properly presented in the requested charge, in that it does not require the jury to find how many, if any, of the cattle, for injury to which damages are claimed by plaintiff, were in such condition when shipped that a person of ordinary prudence would not have shipped them, and that such negligence of the shipper was a proximate cause of their injury; but the requested issue was sufficient to call the court's attention to its omission to charge upon a material issue raised by the pleadings and evidence, and require the court to properly submit the issue. Wichita Valley R. Co. v. Turbeville (Tex. Civ. App) 269 S. W. 498; Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; Chicago, R. I. & G. R. Co. v. Wentzel (Tex. Civ. App.) 214 S. W. 710; Fort Worth & Denver R. Co. v. Thompson (Tex. Civ. App.) 222 S. W. 289.

[2] Appellee concedes the soundness of appellant's contention that it was entitled to have the issue of contributory negligence affirmatively submitted to the jury, but insists that such issue was submitted by the charge of the court in question No. 1 of the court's charge, which was:

"Was the loss and damage, if any, complained of in the plaintiff's petition, caused as the sole, direct, and proximate result of the cattle in question being too poor, weak, or thin, or in an unfit condition, if any, to stand the transportation with ordinary care and reasonable dispatch from Morgan, Texas, to Burton, Texas? Answer, Yes, or No."

This question does not submit any issue of contributory negligence, but only submits the issue of whether the condition of the cattle was the sole and only cause of the injury. The evidence justified the finding of the jury that the breaking of the drawhead and the jar to the train caused injury to the car of cattle.

[3] Under this state of the evidence the jury were required, by the issues submitted to them, to either find the injury was solely due to the condition of the cattle or the negligence of the defendant, when the defendant would not be liable for injury to any of the cattle to which plaintiff's negligence proximately contributed. As before stated, there was evidence from which the jury could have found that the death of the two calves was not caused by any negligence of the defendant, and that the injury to several of the other cattle was contributed to by the negligence of the plaintiff, as alleged in its answer.

Because of this error in the charge, the judgment must be reversed, and the cause remanded. If there are other errors in the record, they are not such as are likely to occur upon another trial, and appellant's remaining assignments need not be discussed.

Reversed and remanded.