## JOHN M. CARSEY V. J. A. HAWKINS.

### No. 2318. Decided February 11, 1914.

**1.—Jurisdiction of Supreme Court—Question of Fact.**

The Supreme Court, in passing on the sufficiency of evidence to support a recovery for negligence, must consider only that which tends to prove negligence. If this, discarding all conflicting evidence, is sufficient in law to support the recovery it must be sustained. (P. 248.)

**2.—Negligence—Automobile—Frightening Team.**

Evidence as to the conduct of defendant in so operating his automobile on the public road, after discovering the alarm of a team thereat, as to produce a loud noise, causing them to run away and kill one of the animals, is considered and held to support a finding of negligence. (Pp. 248, 249.)

**3.—Discovered Peril—Contributory Negligence.**

Contributory negligence of the driver of a team failing to remove it beyond the reach of alarm on the approach of an automobile, is no defense to an action based on the negligence of the proprietor of the car in operating it so as to produce an alarming noise after discovering the fright of the team. (P. 249.)

Questions certified from the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

*Looney & Clark,* for appellant, cited: Acts of 1907, p. 193; Eitman v. Buckheit, 128 Wis., 385.

*Evans & Carpenter,* for appellee, cited: Christy v. Elliott, 3 Am. & Eng. Ann. Cases, 487; Gulf, C. & S. F. Ry. Co. v. Box, 81 Texas, 674; Black v. Black, 67 S. W., 928; Godley Lumb. Co. v. Teagarden, 135 S. W., 1109; 21 Am. & Eng. Ency. of Law, 487, 488.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy from the certificate as follows:

"This case is pending before us on a motion for rehearing. At a former day of this term the issues herein were passed upon by a divided court, the majority affirming the case and the minority dissenting, the majority and minority writing opinions expressing their views and giving their conclusions of fact as shown by said opinions, and to which reference is here made.

"On motion of appellant we have thought proper to certify to the Supreme Court of Texas for its determination as to which is correct in the premises, the conclusions of law reached by the majority or minority."

The court found and stated in the majority opinion the following facts:

"The evidence shows that appellant, with his wife, was traveling in an automobile along a public road, running north. This road intersects a public road running east and west, where appellant continued his journey westward. There was a culvert at said intersection and as appellant approached it he slowed up and after crossing it he increased the speed of the machine, which made a noise not unusual when starting up speed, but which some of the witnesses designated a 'terrible noise.' Near the intersection of these roads Henry Hawkins, seventeen years of age, a son of appellee, had been working a pair of mules, hitched to a grader, a short distance west of said intersection; had unhitched them from the grader and had driven them to one side of the road, and they were about thirty feet from the road when the automobile passed them. When the machine crossed the culvert the mules were in full view of appellant, the mules began to indicate fright and to cut up, which was seen by appellant. He increased the speed of his machine, making the '*terrible noise,*' causing the mules to break loose from the boy. They ran one on either side of the tree and the harness being too strong to break, one of the mules' neck was broken and the other badly injured. The appellant had placed some dogwood branches with blooms on them in his auto, which extended a short distance above the auto. Young Hawkins testified in reference to the cause of the mules running away as follows: 'Well, the noise, the size of the thing and all; of course they could see them things, and the rattling I guess.' Also, 'Well, I didn't think about the mules getting scared. I would have drove them away if I had thought about them getting scared. I had time to get back out of the way. Could have got back out of the way,' behind the schoolhouse which was sixty-five feet away, but thought he had them under control. There was testimony that the auto was seen coming about two hundred yards away, and that Hawkins had to hurry to get out of the way of the auto."

The question submitted calls for a decision as to the sufficiency of the evidence to sustain the judgment. We consider the statement of facts contained in the majority opinion as the facts certified although not presented in the certificate as required by law.

The certificate submits this question: Is there sufficient evidence to justify a conclusion that appellant was negligent whereby the injury was inflicted? Counsel for appellant say, considering all of the evidence, etc. That is exactly what this court can not do. We must discard all evidence except that which tends to prove negligence, and if the facts tend to show that appellant was negligent, and that his negligence caused the injury, we must sustain the majority opinion, otherwise the dissenting opinion will be sustained. The evidence would

justify the conclusion that as Carsey was approaching the crossing his automobile was making considerable noise, which frightened the mules that the appellee's son had been driving, hitched to a scraper. The mules became frightened and attempted to break away from the driver, which Carsey saw and did not stop his machine but increased its speed and also the noise caused by it which frightened the mules so that they became unmanageable and the injury resulted from the operation of the auto. Evidence which would justify a different conclusion can not be considered by this court on this question.

We must discard all evidence favorable to the appellant in answering the question, and so considering we answer that the conclusion of the majority of the Court of Civil Appeals was within the scope of their authority.

The facts show a case of discovered peril. Carsey saw that the mules were frightened and making efforts to escape. He could easily have halted his vehicle, but increased his speed and the noise of the automobile so as to produce "a terrible noise."

The rule of law known as "discovered peril" is founded upon the humane and just principle that requires every person to refrain from inflicting injury upon his fellow man. Under the facts of this case it was the duty of Carsey to halt his automobile and to cease the noise until the mules could be removed or controlled. Negligence, if any, of the boy in charge of the mules constituted no defense to the action. Houston & T. C. Ry. Co. v. Carson, 66 Texas, 346, 1 S. W., 107; Houston & T. C. Ry. Co. v. Finn, 101 Texas, 511, 109 S. W., 918; San Antonio & A. P. Ry. Co. v. McMillian, 100 Texas, 562, 102 S. W., 103.

The evidence was sufficient as a matter of law to sustain the judgment.