## McGREGOR MILLING & GRAIN CO. v. WAREN et al.

### No. 2546.

Court of Civil Appeals of Texas. Waco.

Oct. 28, 1943.

Rehearing Denied Dec. 2, 1943.

McMahon, Springer & Smart, of Abilene, and J. Edward Johnson, of Brownwood, for appellant.

Woodruff & Holloway and Callaway & Callaway, all of Brownwood, for appellees.

RICE, Chief Justice.

This suit was instituted by Mrs. Leona Lane Waren and G. W. Waren (together with others not necessary to be mentioned) against McGregor Milling & Grain Company, a corporation, seeking recovery of damages because of the death of Joe L. Waren, husband and father respectively of plaintiffs, as well as because of injuries suffered by Mrs. Waren, allegedly caused by negligent acts of defendant's employee.

On the findings of the jury, in response to special issues, the trial court rendered judgment in favor of Mrs. Waren for the sum of $10,580 and in favor of G. W. Waren for the sum of $750. From this judgment defendant has appealed.

The jury found the defendant guilty of the acts of negligence hereinafter set out, and further found that each of such acts proximately caused the collision between defendant's truck and the automobile driven by the deceased Joe L. Waren: (1) Immediately prior to the collision, the truck was being operated partly on the left-hand side of the center of the highway; (2) immediately prior to the collision, the truck driver turned his truck onto the left-hand side of the center of the highway; (3) the truck was being driven at such rate of speed as to endanger the persons and property of Joe L. Waren and his wife; (4) the truck driver failed to yield the right-of-way to the automobile driven by Joe L. Waren as they approached the intersection; (5) the truck driver failed to keep a proper lookout.

The jury acquitted the deceased of contributory negligence; found that the collision was not the result of an unavoidable accident; and that the truck driver, in turning his truck to the left-hand side of center of the highway, did not do so in an effort to avoid colliding with the automobile driven by Joe L. Waren.

On the day in question defendant's truck, heavily loaded, was proceeding from Bangs, Texas, to McGregor, along a highway on the outskirts of the city of Brownwood, and was approaching a fork or a "Y" of the highway. At this "Y" one branch of the highway gradually curved to the truck driver's right toward Brownwood; the other branch likewise curved to his left toward Fort Worth. In other words, the truck was proceeding along the stem of the "Y" toward the point where the arms of the "Y" converged into the stem.

Joe L. Waren, accompanied by his wife, was proceeding from Brownwood toward Bangs, approaching said point of convergence along the arm of the "Y" to the truck driver's right.

It was plaintiffs' contention that Joe L. Waren had driven his automobile past the convergence of the two arms of the "Y" with its stem; and was over on his side of the highway when defendant's truck, approaching from the opposite direction, turned to its left across the center of the highway and collided with the automobile of Joe L. Waren on the latter's right-hand side of the pavement. The evidence as to just when and under what circumstances the collision took place was sharply conflicting.

Issue No. 1 inquired of the jury whether the defendant's truck, immediately prior to the collision, was being operated partly on the left side of the center of the highway in the direction in which the truck was traveling. Issues 2 and 2-a were corollary to the foregoing issue. Issue No. 3 was as to whether or not the driver of defendant's truck, immediately prior to the collision, turned his truck into the left-hand side of the center of the highway on which the truck was traveling. Issues Nos. 4 and 4-a were corollary to Issue No. 3.

Defendant excepted to the first group of issues on the grounds, among others, because on the weight of the evidence and because the same were not ultimate issues of fact and only partly submitted an ultimate issue. Among others, and in addition to the objections above set forth, the second group of issues were excepted to as being a reiteration of the same matters inquired about in the first group, thereby over-emphasizing an alleged ground of recovery and because not supported by the pleadings.

■■ We overrule defendant's contention that the trial court committed reversible error in overruling its exception and in submitting the special issue above referred to. The issues complained of were directly raised by both the pleadings and the evidence. As stated above, the evidence was in sharp conflict both as to the location of the place where the accident occurred in reference to the convergence of said highways, and as to the manner in which it happened. Mrs. Waren testified that the truck started

**478**

turning across the center line of the highway and that when her husband saw it was coming across toward them, he turned farther to his right and went into the ditch, and the truck turned square across the pavement and "hit us." The truck driver testified that "just a moment before we hit, in order to miss the car," he turned to his left. He further testified that before the impact part of his truck was across and left of the center line of the pavement. He was corroborated by other witnesses. However, if we be in error in holding that each of the issues complained of were ultimate fact issues, and if the manner of submission by the court did constitute submitting twice one ultimate issue of fact, and did thereby over-emphasize such ultimate issue, we do not feel that the error, if any, was so material and of such a harmful nature as to warrant a reversal of this case because thereof.

■ In its third point, defendant complains of the court's refusal to sustain its exceptions to Special Issue No. 5 and its corollary issues numbered 6 and 7.

Special Issue No. 5 was submitted as follows: "Do you find from a preponderance of the evidence that at the time and place of the collision in question the driver of defendant's truck was driving said truck at such rate of speed as to endanger the persons and property of Joe L. Waren and wife?" The jury answered "yes" to the foregoing issue, found that the truck driver was guilty of negligence and that such negligence was the proximate cause of the collision.

Among other objections, defendant excepted to the issue as submitted because it was a blanket proposition, permitting the jury to speculate and conjecture; that the issue was not an ultimate issue; and was on the weight of the evidence in that it assumes deceased was entitled to proceed in his automobile irrespective of the oncoming truck and owed no duty to exercise any care to avoid the collision.

Plaintiffs pleaded that the defendant's truck attempted to pass the motor vehicle being operated by deceased at such rate of speed as to endanger the lives and persons of the plaintiff and her deceased husband. This pleading was substantially in the language of Article 790 of the Penal Code of this state. This article, insofar as it imposes a rule of civil con-

duct, has been held not void for uncertainty. West Texas Coaches, Inc. v. Madi, Tex.Com.App., 26 S.W.2d 199. The evidence is undisputed that the over-all weight of the truck, trailer and contents, was about 34,600 pounds; that as the truck approached the intersection at which the accident occurred it was being driven at a speed of between 20 and 25 miles per hour; that the driver of the truck applied air brakes before the collision, and that the truck traveled about 80 feet after colliding with the car. The evidence further discloses that when the truck came to a stop, the tractor part thereof was clear across the "bar" ditch and over in a pasture; that in reaching this point it had broken down some mesquite trees and bushes and gone through a fence. In our opinion, the issue objected to was an ultimate issue of negligence, tendered by the pleadings and the evidence; and that the manner of its submission was not subject to the objections raised thereto.

By its fourth point defendant says that the court erroneously submitted Special Issue No. 8, inquiring of the jury, whether the driver of defendant's truck failed to yield the right-of-way to the automobile driven by Joe L. Waren as said driver approached the intersection of the Bangs-Fort Worth and Bangs-Brownwood highways.

■ It would serve no useful purpose for us to set out the numerous objections urged by appellant to the submission of this issue. Among others, the objection was urged that the issue as submitted was on the weight of the evidence, in that it assumed the deceased and his wife had the right-of-way over the defendant's truck, and that the evidence shows that the collision did not occur at an intersection within the meaning and purview of Article 801(E) of the Texas Penal Code, because the highways in question gradually curved and converged into each other. We have not been cited to any case dealing with a similar factual situation in making application of Section (E) of Article 801 of our Penal Code, nor have we found any. However, we are of the opinion that it is unnecessary for us to decide the interesting question thus raised because it is immaterial to a correct disposition of this appeal. If the issue complained of was improperly submitted, this record would not authorize a reversal of this case because thereof. As set forth above, there

were three other separate and distinct grounds of negligence tendered by the pleadings and the evidence on which the jury made findings in favor of the plaintiffs. Since the judgment finds support in one or more grounds of negligence, the error of the court in improperly submitting another ground of negligence was harmless. West Texas Coaches, Inc., v. Madi, supra, point 3; Wichita Valley R. Co. v. Williams, Tex.Civ.App., 6 S.W. 2d 439.

◼ Defendant next urges that the court erred in submitting to the jury the following issue and explanatory instructions:

"From a preponderance of the evidence, what amount of money, if any, if paid now in cash, would reasonably compensate the plaintiff, Mrs. Leona Lane Waren, for the injuries, if any, sustained by her, resulting directly and proximately from the collision in question?"

"In answering the foregoing Issue No. 15, you may take into consideration her pain and suffering, if any, suffered by her from the date of the collision to this date, and her doctor and hospital bills necessarily and reasonably incurred by her as a result of any injuries she may have had; all resulting directly and proximately from the injuries, if any, sustained by her at the time and place of the collision in question."

Defendant's objection to the foregoing issue was that the evidence authorizing a recovery for pain and suffering was vague, indefinite and uncertain; and that there was no testimony as to the nature, extent and character of the injury suffered by Mrs. Waren, and no qualified testimony as to pain and injury or suffering her injury was calculated to produce.

Mrs. Waren testified that she was rendered unconscious by the collision; that three ribs were broken; her knees and left ankle were cut; her nerves were shocked; she was in the hospital two days, and was in bed about a week at home; thereafter she was under the treatment of a doctor, and that it was several weeks after the accident before she could resume her household duties. We overrule this assignment. Wells v. Ford, Tex. Civ.App., 118 S.W.2d 420; Texas & P. R. Co. v. Curry, 64 Tex. 85; 13 Tex.Jur. 382.

◼ Defendant next contends that the jury had no evidence on which to base its award of damages to Mrs. Waren by reason of the death of her husband, because there was no testimony as to the proportion of the earnings of the deceased that he regularly contributed toward the support and maintenance of his wife and of his home, and therefore the issue in reference thereto should not have been submitted to the jury.

It is true that there was no evidence introduced as to the amount of money the deceased regularly contributed to the support and maintenance of his wife and his home. However, the evidence disclosed that Mr. Waren was fifty-five years of age and in good health, and that Mrs. Waren was forty-three. It was in evidence that Mr. Waren's life expectancy was 17.41 years; his salary was $115 per month, and in addition, he was furnished, free, a house, gas, lights, water, garden, and pasture for a cow. There was evidence that the house and other facilities above mentioned were worth $35 per month. The evidence further showed that Mr. and Mrs. Waren were living together; that he was supporting her; that she had no independent income and was dependent on her husband. In our opinion, there was ample testimony to warrant the submission of the issue complained of to the jury and to support the finding of the jury in respect thereto.

◼ Defendant urges that the judgment of the trial court should be reversed because of argument made by plaintiffs' counsel and hereinafter set forth: "This was just one of those things, gentlemen, that took the man off. Take a man going fifteen miles an hour in his automobile, on his own side of the highway, where he had a perfect right to be, and then to let a careless, negligent employee of some corporation go busting down the highway twenty-five or thirty miles an hour on his wrong side of the road, in a thirty odd thousand pound overall weight battle wagon, and crash into him, without taking any care or keeping any lookout as to who might be there; I say there is no court or jury and no jurisprudence in the whole world, certainly not in our country, that will tolerate such negligence."

This argument was excepted to at the time by defendant and overruled by the court.

The defendant also complains of the following argument made by plaintiffs' coun-

sel, to which no objection was made by defendant: "Now, as to whether Joe Waren was driving his automobile without having it equipped with adequate brakes; you have the testimony of this expert, testifying that he examined the brakes a few days after the wreck and found them in serious condition. When I hear experts testify it reminds me of an old saying that there are just three kinds of liars, first we have the plain liars, then we have damn liars, and then we have the expert testimony. Now, this fellow is in the brake business, he fixes brakes all the time, and he thinks the brakes on a car should be in apple pie order, and unless they were he wouldn't think they would stop a car; but you have the actual facts about the brakes on that car from Mrs. Waren, who told you that it always stopped when they wanted to stop it, and again in Mr. Callaway, who testified that he rode with Mr. Waren the day of the accident, or the day before and that the car stopped when Joe Waren wanted to stop. It's just like the fellow who looked at a giraffe and said, 'There ain't no such animal * * *.' "

As to the argument first above set forth, plaintiffs pleaded and proved that defendant was a corporation. Hence plaintiffs' counsel was within the record in stating that defendant was a corporation. There was evidence that defendant's truck was being driven at the rate of 25 or 30 miles per hour just prior to the accident; there was also evidence that when the collision occurred defendant's truck was on the wrong side of the road. It was in evidence that the overall weight of the truck in question and its load exceeded 30,000 pounds. Plaintiffs' counsel was indulging in poetic license when he termed the truck a "battle wagon". It occurs to us that the reference to the corporate character of the defendant was incidental to the main argument, which was based on facts in the record and was not calculated to prejudice defendant.

As to the argument last complained of, it will be noted that defendant did not except thereto at the time, and hence the trial court was afforded no opportunity to instruct the jury to disregard it. In our opinion, counsel's reference to "the old saying that there are just three kinds of liars, first we have the plain liars, then we have the damn liars, and then we have the expert testimony," was improper. We are

of the further opinion, however, that the argument complained of, when considered in relation to the remainder of the quoted argument, was not of such a prejudicial nature but that its harmful effects would have been removed by an instruction from the trial court to disregard it. Not having timely requested the trial court to so instruct the jury, defendant must be held to have waived the assignment of error here presented. Robbins v. Wynne, Tex. Com.App., 44 S.W.2d 946; Norwich Union Indemnity Co. v. Smith, Tex.Com.App., 12 S.W.2d 558.

We have carefully reviewed each of defendant's assignments of error and have concluded that none of them present reversible error. The judgment of the trial court is therefore affirmed.