McCORMICK  v.  KING et al.

No. 15507.

Court of Civil Appeals of Texas.

Fort Worth.

May 7, 1954.

Rehearing Denied June 4, 1954.

J. Harold Craik, Fort Worth, Chaney & Davenport and F. B. Davenport, Dallas, for appellant.

Martin & Moore, and Elvin E. Tackett, Fort Worth, for appellees.

BOYD, Justice.

This is a suit for damages filed by Aaron King and Monroe A. Brown against John W. McCormick and Mrs. Katherine McCormick, growing out of a collision between an automobile driven by Brown, in which Lela King, the wife of Aaron King, was a passenger, and one driven by John W. McCormick and owned by Mrs. McCormick, his mother. Brown and Lela King were injured. There was a judgment for plaintiffs against John W. McCormick, and he appeals.

The jury found that appellant was guilty of several acts of negligence proximately causing the injuries complained of. Appellee Brown and Lela King were absolved of any negligence amounting to proximate cause of the collision.

Appellant's first point is that the court erred in submitting an issue as to negligence of appellant in driving the automobile without wearing his eyeglasses, the contention being that the issue as to whether appellant kept a proper lookout was the ultimate issue in this connection, and that the submission of both issues constituted a double submission of proper lookout and was prejudical and amounted to a comment of the court to the effect that appellant did not keep a proper lookout. The jury found that appellant was negligent in driving without wearing his glasses, but failed to find that such negligence was a proximate cause. It found that appellant failed to keep a proper lookout and that such negligence was a proximate cause. There is no contention that the finding as to appellant's negligence in not wearing his glasses and the finding as to proper lookout are not supported by the evidence, the complaint being only against the alleged double submission.

Although it may appear that a failure to keep a proper lookout ordinarily involves inattention in driving rather than incapacity to drive, and that therefore the two issues are not the same, we think it is unnecessary to decide the point since the jury also found other acts of negligence on the part of appellant, constituting proximate cause, which findings are unchallenged and support the judgment for appellees.

Where several grounds of negligence and proximate cause are found against a defendant, we do not think it is error if other distinct issues of negligence are improperly submitted, and if a double submission of proper lookout was actually made in this case, no prejudice to appellant's rights has been shown. Commercial Casualty Ins. Co. v. Hamrick, 127 Tex.

**554**

403, 94 S.W.2d 421; Swearingen v. Brown, Tex.Civ.App., 195 S.W.2d 724; Bigelow v. Rupp, Tex.Civ.App., 192 S.W.2d 791; McGregor Milling & Grain Co. v. Waren, Tex.Civ.App., 175 S.W.2d 476.

■ Two points are predicated upon argument of appellees' counsel. One is that counsel emphasized to a Fort Worth jury the fact that one of appellant's lawyers was from Dallas, and the other is that counsel indulged in prejudical argument in appealing to racial sympathies. It appears that before the argument complained of by the first point was made, appellant's counsel had told the jury in substance that he formerly lived in Tarrant County but now lived in Dallas, and when he lived in Tarrant County people would not bring that kind of a lawsuit against their neighbors. Having himself told the jury he was now from Dallas, any legitimate comment on that score was invited. The argument is fully set out in the record, and we have examined it closely and fail to find anything that brings it under the rule announced in Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302, and Poe v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 250 S.W.2d 619, cited by appellant. We believe that error in this regard is not shown.

■ Nor do we perceive any error in the argument which appellant says was a prejudical appeal to racial sympathies. Appeals to racial prejudices have been many times condemned by the courts. But here we are asked to review an argument that asks a jury of white men to treat Negro plaintiffs like they would white plaintiffs. The argument was: "And when you come down, Gentlemen, to consider the damages in this case, treat these colored folks just like you would, like white folks ought to be treated or anybody else. You said that you would do that, if you were taken on this Jury, and I am sure that you will. This Negro woman here suffered just as much, just as susceptible of suffering as a white woman would." We do not believe the argument was improper or that appellant was injured by it.

By another point appellant complains of the refusal to submit an issue as to whether the operation of the vehicle in which appellees were riding was the sole cause of the collision. In his trial amendment appellant pleaded that appellee Brown was guilty of negligence in six particulars in the operation of his car and that all were proximate causes, and alleged in another paragraph that the "acts of negligence hereinabove alleged as to Monroe Brown, were the sole proximate cause of the injuries" sustained by appellees.

Appellees say that the pleading is insufficient to raise the issue of sole cause in that there can be only one sole cause, and appellant alleges six acts of negligence as the sole cause. We do not deem it necessary to determine this question in view of our disposition of the point.

Appellant objected to the charge because it failed to submit the issue of sole proximate cause with reference to the alleged negligence of Brown, but he did not tender an issue to the court. He urges that if the issue of sole cause is pleaded and raised in the evidence, it is error not to submit it, even though not requested by the complaining party. As we understand his position, it is that when a defendant's pleading and the evidence support an issue of sole cause, the burden is on the plaintiff to show by a preponderance of the evidence that the alleged act was not the sole cause, and that therefore under Rule 279, Texas Rules of Civil Procedure, the point is saved by objecting to the failure to submit the issue. The provision of that Rule which appellant invokes is as follows: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party."

■ Before the Rules of Civil Procedure were adopted, it was settled that a defen-

sive issue was waived if its submission had not been requested. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Perkins v. Nail, Tex.Civ.App., 37 S.W.2d 211, writ refused. Before the Rules were adopted, Article 2190, R.C.S., provided: "* * * Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. * * *" The only material difference in the statute and the Rule is that under the Rule the issue must be tendered in substantially correct wording, and that an objection to the failure to submit an issue will suffice if the issue is one relied upon by the opposing party. It is clear that objection to the failure to submit an issue will suffice as a ground for reversal only when the issue is one relied upon by the opposing party. There is nothing in Rule 279 which places the duty upon the plaintiff to request the submission of such an issue as will sustain a ground of defense. Lincoln County Mut. Fire Ins. Co. v. Goolsby, Tex.Civ.App., 240 S.W.2d 402; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991, writ refused.

▆ That the issue was a defensive issue, and one not relied upon by appellee, seems to be equally clear. Appellees did not rely upon the contention that the negligence of one of them was the sole cause of their injuries. Their pleadings do not allege and we can imagine that it was far from their thoughts. But appellant insists that even if it were a defensive issue, since it was pleaded and relied upon by him, nevertheless if the issue were raised by the evidence, the burden was on appellees to disprove the existence of that defense by a preponderance of the evidence, and cites Dallas Ry. & Terminal Co. v. Tucker, Tex.Civ.App., 207 S.W.2d 937; Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W.2d 521; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; and Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857. None of the above cases was decided after the adoption of Rule 279; and we think they establish a proposition that is not assailed here, namely, that when sole cause is pleaded by the defendant, raised by the evidence, and submitted, the burden is on the plaintiff to secure a negative finding on that issue. We find nothing in Rule 279 which makes the burden of proof determinative of the question of whether an issue involves a ground of recovery or a ground of defense; and it would seem that a defendant is relieved of the duty to request an issue only when the issue omitted is "relied upon by the opposing party." Appellees relied for recovery upon the negligence of appellant. And we are not at liberty to amend the Rule so as to relieve appellant of the duty to request issues under circumstances other than that now covered by the Rule. Lincoln County Mut. Fire Ins. Co. v. Goolsby, supra; Rodriguez v. Higginbotham-Bailey-Logan Co., supra.

▆ If we are correct in our opinion that in this case sole cause was a defensive issue and the failure to submit it was not error because its submission was not requested, then it seems that the issue was waived under this further provision of Rule 279: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * *." Appellant in his answer denied that he was negligent; he alleged that appellee Brown was negligent; and Lela King was negligent; that their negligence contributed to, proximately caused, and some of their acts solely caused their injuries. Under such circumstances it seems that the conclusion is inescapable that the alleged sole cause was an independent ground of defense. And if it was an independent ground of defense, an objection to the court's failure to submit it is not sufficient to raise the question on appeal, for when not requested it shall be deemed as waived. If the issue was not relied upon by appellees no complaint will be heard, since its

submission was not requested, even though the failure to submit it was objected to; and if it is an independent ground of defense, since its submission was not requested, on appeal it "shall be deemed as waived."

Another point is that it was error to fail to submit an issue as to whether the weather conditions prevailing at the time constituted the sole cause of the collision. What we have said about the other sole cause issue is applicable to this point; and in addition, appellant did not even object to the charge for its failure to submit this issue. With no request for its submission, and no objection because it was not submitted, appellant cannot now be heard to complain.

Finding no error, the judgment is affirmed.