George Wyatt MARTIN et al., Appellants,

v.

STURGIS LUMBER COMPANY, Appellee.

No. 6134.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 3, 1957.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellants.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellee.

HIGHTOWER, Justice.

This is a suit for personal injuries suffered by appellant George Wyatt Martin, and for property damages suffered by W. E. Martin against Sturgis Lumber Company. Among the undisputed facts it appears that on the occasion in question one of defendant's lumber trucks, operated by its employee, Mack Tobias, in the course of his employment, attempted to pass a pickup truck being driven by George Wyatt Martin near the top of a hill on the highway. The shoulders of the highway were gullied and rough. Very near, or upon the crest of the hill, defendant's driver, in attempting to pass the pickup truck, turned his lumber truck suddenly from the left-hand lane of the highway into the right-hand lane directly in front of the pickup. In these circumstances, the pickup traveling at a speed of 35 or 40 miles per hour, departed from the paved surface of the highway into a ditch upon its right where it collided with an earthen embankment and overturned. The weather was clear, fair and dry. Plaintiff W. E. Martin was the owner of the pickup truck. Plaintiff George Wyatt Martin, the driver, only will be referred to as the appellant.

In response to special issues the jury found that appellee's truck driver was guilty of negligence proximately causing the occurrence: in driving on his left-hand side of the highway on the occasion; in failing to keep a proper lookout; and in driving at an excessive speed. They further found that while he turned suddenly from the left-hand lane into the right-hand lane in front of appellant this, under the circumstances, was not negligence.

Answering issues relating to contributory negligence on the part of George Wyatt Martin, the jury acquitted him of failing to keep a proper lookout, of operating at an excessive speed, of turning his vehicle abruptly to his right immediately before it collided with the embankment, and of losing control of his vehicle immediately before running into the embankment. The jury, however, made the following findings: That George Wyatt Martin failed to properly apply the brakes of the pickup, and that this was negligence proximately causing the occurrence; that George Wyatt Martin failed to apply the brakes of the pickup before it collided with the embankment, and that this was negligence which was a proximate cause of the occurrence; and that George Wyatt Martin failed to reduce the speed of his pickup "after he observed that the truck operated by Mack Tobias was attempting to overtake and pass" him, and that this was negligence which was a proximate cause of the occurrence.

Upon this verdict judgment was rendered that appellants take nothing.

Of its twenty-three points of error, appellants have grouped and briefed the first twenty together. They complain of the trial court's failure to grant a new trial by reason of no evidence, or the insufficiency thereof, to support the jury's findings against them as above set forth.

Appellants' first witness, Mrs. Bobbie Lou Partin, testified to the effect that on the afternoon in question she was driving about sixty miles an hour, behind a car driven by Mrs. McBride, who was some six or seven car lengths ahead of the witness, quite aways ahead of the witness, not too far ahead. The trucks involved in this occurrence were approaching from the opposite direction, and the witness first saw appellants' red pickup when it

was about a quarter of a mile away. Appellants' pickup was traveling about 40 miles per hour and appellee's lumber truck was traveling about 60 miles per hour, and when the witness first saw the lumber truck, it was passing the pickup. After the lumber truck had passed the red pickup, the witness saw the pickup steer abruptly to its right, off onto the shoulder, which was rough from washes and drains, and the pickup ran into a steep ditch and against the embankment with considerable force, there turning over. She did not see the truck hit or strike the pickup. When appellant turned abruptly to his right, appellee's lumber truck had already begun to pull back over to its right side of the highway, but may not have been completely back on that side at that time, but the lumber truck had resumed its own right-hand side of the highway before it got up even with the witness. She did not recall whether appellants' pickup applied the brakes or not, but she saw no skid marks nor other evidence of braking by appellant.

Carl Y'Barbo's testimony was for all pertinent purposes in substantial accord with that of Mrs. Partin. Additionally he testified, in substance, that he was driving behind the lumber truck and saw the occurrence; that the lumber truck had "not quite got up the hill" when it started to pass the pickup, that appellee's truck was on its left-hand side of the road for 50 to 75 yards, that as appellants' pickup was getting pretty close to the top of the hill it was getting over with the left wheel about two feet on the blacktop, that appellee's truck turned back to the right side of the road "right on top of the hill", that the lumber truck passed the pickup on top of the hill, that it was after the lumber truck had pulled over that the pickup "started moving suddenly to its right." So far as this witness could tell, George Wyatt Martin did not change his speed, slow down or pick up, as if to turn either way until the lumber truck turned in front of the pickup.

Appellant George Wyatt Martin's testimony was also in substantial accord with that of the other witnesses with the exception of some serious conflicts in his own testimony which we consider highly material in the determination of appellants' first 20 points. His first testimony on direct examination clearly indicated to the jury that he observed appellee's truck approaching him from the rear at a speed of about sixty miles an hour; that as he approached the crest of the hill he knew that appellee's truck was going to attempt to pass him; that, "Well, I seen him coming through my rear view mirror, and he had come down that long hill, and I seen he was making a lot more time than I was, and I began to cut over a little. I knew he was going to pass me, and when he cut in, in front of me, I pulled over as far as I could. I had all my truck off the road except the left-hand wheels, maybe—that much on the highway, on the pavement; and when he cut into me and, why, it caused me to—well, he either hit me and knocked me off the road—that's what I thought he done—either that or there was a rough place there and caused me to run into that embankment. I was trying to move over to keep from getting into a serious accident." This testimony of the appellant was prior to the court's lunch recess and prior to his cross examination by appellee's counsel. After lunch, when court had reconvened, the appellant, completing his direct examination and also on cross examination, contended that he did not know that appellee's truck was going to pass him until, "He got up even with, me, to where I could see him out of my window, then I knew he was going around me."

It appears that at all times pertinent to the occasion of the mishap that the appellant failed to apply or attempt to apply the brakes on his pickup. It also appears that by deposition he stated that he had not. His testimony on trial was to the effect that he could not say he did apply them and could not say he did not; that, "If I said that (on deposition) that is right." He al-

so stated that he had driven approximately fifteen to twenty steps at about 35 miles an hour after he saw the lumber truck attempting to pass him and before he left the road.

Another witness testified to the effect that on the day following the accident he went to the scene with the appellant; that the marks on the shoulder of the road indicated that the pickup was off the highway for approximately fifty yards before striking the embankment; that he could find no evidence that the lumber truck had hit the pickup, or that there was any contact whatever between the two vehicles.

Appellee produced no witnesses, but relied upon the testimony and evidence adduced by appellant as it tended to support appellee's contentions and the jury findings above referred to.

The appellant admits that there was evidence that he did not apply his brakes before colliding with the embankment, and has not assigned error to such finding of the jury. He has, however, assigned error to the findings of negligence and proximate cause in such connection. Succinctly the appellant contends that, "Since the only effect of applying the brakes would be to slow the pickup down, the three sets of issues answered by the jury against it involved but a single issue—whether appellant failed to slow his vehicle down, and whether such failure was negligence and a proximate cause of the occurrence."

■ Actually, the evidence that the appellant failed to apply, or properly apply, his brakes, or reduce the speed of his vehicle appears to be without contradiction in the statement of facts so as to have precluded the necessity of a submission of issues on the question. Accordingly we are left only with the consideration of negligence and proximate cause.

■ The burden of proof was upon appellee to establish the affirmative of the foregoing defense issues by a preponderance of the evidence, which burden extend-

ed not only to the act or omission charged but also to the issues of negligence and proximate cause. Viewing the evidence in the most favorable light as it supports these issues, and even without disregarding all evidence to the contrary, we are of the opinion that the appellee has fulfilled its burden. It appears indisputably that the appellant was aware of the precarious position of the trucks here involved immediately prior to the occurrence in question; that he was equally aware that the occurrence occasioning the lawsuit, or some similar occurrence, was immediately imminent. The appellant testified that before appellee's truck had gotten to where its driver could see over the hill he (appellant) knew there were two other vehicles approaching from the direction in which the trucks were going. These two vehicles were properly on their right-hand side of the highway. It is obvious that they were the vehicles positioned on the highway as described in witness Partin's testimony as set forth. It is apparent, from the inferences deducible from all the foregoing evidence, that the jury might reasonably have concluded from the appellant's own testimony that he was in a better position than anyone to have avoided the occurrence; that he could have applied his brakes at the time he first saw and knew that the appellee's truck was going to attempt to pass him under the circumstances then existing; that if he did fail to properly apply his brakes that he yet could have reduced the speed of his vehicle while traveling uphill at a rate of speed no greater than 35 or 40 miles an hour by simply releasing his accelerator. This by reason of his testimony that he could see appellee's truck approaching from the rear and knew that it would attempt to pass him under the circumstances then existing. By reason of such inferences and conclusions, we feel that the evidence supported the jury's further conclusions of negligence and proximate cause.

■ The appellant contends that the sudden emergency with which he was confronted in the circumstances should absolve

him of negligence, if any, proximately causing the occurrence. He testified that because of the suddenness of it all that he had no time to think or act in any manner other than he did. He failed to plead "sudden emergency" as an affirmative ground for recovery or request instructions of the court relative thereto. He appears to contend that by reason of the circumstances this court should make such finding in nullification of the jury's findings of contributory negligence. There is no merit in this contention. True, as held in Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112, the appellant was not bound to anticipate conduct as alleged against the appellee's truck driver. It is readily observable, however, that the circumstances herein are quite different from those supporting this rule of law. Moreover, if there is evidence to support the jury's finding of proximate cause in connection with any of the negligent acts, the findings in connection with the other negligent acts need not be considered. Biggers v. Continental Bus System, Tex.Sup., 303 S.W.2d 359; McCormick v. King, Tex.Civ.App., 268 S.W.2d 552, error refused, n. r. e. The appellant's first 20 points are overruled.

By its 21st point, the appellant complains that the trial court erred in submitting appellee's defensive issues above discussed. It contends that the issues as to whether the appellant applied, or properly applied his brakes, before colliding with the embankment, and the issue as to whether it failed to reduce the speed of its pickup after it observed that the appellee's truck was attempting to overtake and pass the pickup, unduly emphasized the defense's contention that appellant was guilty of negligence in respect to applying his brakes, and simply submitted another and different shade of the same issue.

From our foregoing conclusions denying appellant's contentions under its first 20 points, it is apparent that we are of the opinion that its 21st point is without merit.

Additionally, however, should its contention be correct, appellant has failed to show what harm, if any, may have accrued to it by reason of such error. We detect none. McCormick v. King, supra. Appellant's 21st point is overruled.

By its 22nd point appellant complains of the trial court's failure to grant a new trial by reason of appellee's counsel's comment, in his argument to the jury, of appellant's failure to produce certain persons as witnesses who are equally available to both parties.

The 23rd point complains of the court's failure to grant a new trial by reason of the argument of counsel for appellee to the jury wherein he criticized counsel of appellant for objecting to arguments of appellee's counsel. Neither of these points, since the decision of Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, could be considered as having any merit. Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302, dealing with the cumulative error doctrine, to the contrary notwithstanding. Suffice it to say that in connection with the 22nd point it appears that appellant's counsel, in his argument to the jury, invited the argument of appellee's counsel to the jury of which complaint is made. Disregarding this conclusion, however, appellant's counsel failed to register any objection in regard to the argument complained of by either of the last two points, and they were not such as could not have been cured by the court's instruction to the jury. Nor was appellant's position before the jury such as would have been prejudiced by his timely objection.

Upon the authorities of Ramirez v. Acker, supra; Wade v. Texas Employers Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, appellant's last two points are overruled.

The judgment of the trial court is affirmed.